2022 UT App 133

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DAYNELISON GERRY HANSEN,
Appellant.

Per Curiam Opinion
No. 20200767-CA
Filed December 1, 2022

Sixth District Court, Richfield Department
The Honorable Wallace A. Lee
No. 201600116

Dain E. Smoland, Attorney for Appellant

Sean D. Reyes and Emily Sopp, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, RYAN M. HARRIS, and
RYAN D. TENNEY.

PER CURIAM:

¶1      Daynelison Gerry Hansen appeals his conviction of possession of a gun by a restricted person. We affirm.

¶2      Hansen argues that the evidence at trial did not establish that the gun-possession crime occurred in Utah, a prerequisite for prosecuting a crime in the state. A person may be prosecuted for a crime in Utah if "the offense is committed either wholly or partly within the state." Utah Code § 76-1-201(1)(a)(LexisNexis 2017). Hansen did not challenge the location of the crime before the trial court. However, "[c]riminal jurisdiction is a form of subject matter jurisdiction," and accordingly may be raised at any time, including for the first time on appeal. *State v. Holm*, 2006 UT 31, ¶ 96, 137 P.3d 726, 750. "Although jurisdiction is not technically

an element of the crime, the State must establish the existence of jurisdiction by a preponderance of the evidence." *State v. Blackwing*, 2020 UT App 72, ¶ 13, 466 P.3d 734, 737. Accordingly, the evidence at trial must be sufficient to show that "it was more likely than not" that Hansen possessed the gun in Utah. *Id.*

¶3      This matter began when the Sevier County Sheriff's Office received a call from Hansen's former girlfriend (Witness) who reported that Hansen had left a gun at her house. The same day, detectives from the Sheriff's Office collected the gun from Witness. The initial information charged Hansen with theft of the gun, but about a month before the scheduled bench trial, an amended trial information was filed alleging that Hansen had possessed the gun "in Sevier County."

¶4      At trial, Witness testified that Hansen came to her house and showed her a gun. Unknown to Witness at the time, Hansen stashed the gun in her basement. He later told her that the gun was in the house and where she could find it. Witness found the gun where Hansen had described. She called the Sevier County Sheriff's Office to report the gun, which the detectives later collected the same day.[1]

---

1. A Sevier County Sheriff's Office detective testified at trial that he and another officer recovered the gun from Witness. He identified the gun in a series of photographs that was admitted without objection as Exhibit 9. Although not specifically mentioned at trial, the tag attached to the gun and visible in the photographs stated the chain of evidence and indicated that Detective had collected the gun in Elsinore, Utah. Hansen argues that the evidence tag is hearsay and cannot be used as substantive evidence of jurisdiction. Because we determine that Witness's and Detective's testimony is sufficient to support jurisdiction, we do not address whether the use of the evidence tag to establish jurisdiction is appropriate.

¶5     The trial court found Hansen guilty as charged. On appeal, Hansen asserts that there was no evidence produced at trial establishing that he had possessed the gun in Utah. Specifically, he contends that because neither Witness or Detective stated the address of Witness's house, or even the name of the town she lived in, the evidence was insufficient to show that he had committed the crime in the state of Utah. Certainly, it would have been preferable if the State had asked Witness or Detective to specify the location where the gun was found; prosecutors should be in the habit of making sure to ask necessary jurisdictional questions. But, the evidence presented, such as it is, nevertheless supports—at least by a preponderance—the inference that Hansen possessed the gun in Utah. Hansen does not challenge the evidence showing that he had the gun when he was at Witness's house. So, jurisdiction exists if the evidence is sufficient to support an inference that Witness's house is located in Utah.

¶6     Appellate courts "review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict." *State v. Ashcraft*, 2015 UT 5, ¶ 18, 349 P.3d 664, 668. Inferences may reasonably be drawn from circumstantial evidence. *Id.* And that evidence supports the inference that Witness's house is in Utah, and specifically in Sevier County. After all, Witness contacted the Sevier County Sheriff's Office when she became aware of the existence of the gun in her house, and it is axiomatic that a county sheriff's office is located in the county it serves. And, although Hansen argues that Witness could have called the Sevier County Sheriff's Office for other reasons,[2]

---

2. Hansen argues that the inference that the crime was committed in Utah requires a speculative leap because other inferences could be drawn from Witness's call to Sevier County Sheriff's Office. However, the possibility of alternative inferences does not defeat the permissible inference drawn, particularly where that inference is the most reasonable one. *See State v. Ashcraft*, 2015 UT 5, ¶¶ 24-25, 349 P.3d 664.

her call seeking law enforcement assistance supports the inference that she lived within the agency's territory. It is inconceivable that if Witness called from out-of-state to report a gun being at her residence in, say, Baker, Nevada—the closest out-of-state town to Sevier County, a county that does not border another state—that Sevier County deputies would drive nearly three hours in each direction to haul the gun back to Sevier County, Utah. (And if for some bizarre reason they did, it is reasonable to infer that the Sevier County Attorney would not have elected to prosecute an offense that occurred in Nevada.) On the contrary, if Witness called to report a gun at her residence in Baker, it may safely be assumed that the Sevier County sheriff's office would suggest she call the White Pine County, Nevada, Sheriff's Office, which has jurisdiction over Baker. On the record before us, then, the fair inference—and the only reasonable inference—is that the Sevier County Sheriff's Office became involved in the case because Witness's residence is located in Sevier County. In sum, the evidence at trial was sufficient to support the inference that the crime was committed in Utah, thus establishing jurisdiction.

¶7     Affirmed.

————————